**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JOHN ALDRIDGE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | **Civil No. 7:06-CV-0050-R** |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
August 17, 2006

CLERK, U.S. DISTRICT COURT

## MEMORANDUM OPINION

Now before the Court is Defendant United States of America's Rule 12(b)(1) Motion to

Dismiss for Failure to State a Claim upon which relief may be granted (Dkt No. 7).  For the

reasons stated below, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

In 2001, Plaintiff John Aldridge sued various physicians at Sheppard Air Force Base, Texas

and other federal officials for negligence.  *See Aldridge v. Secretary, Department of the Air Force*,

Civ. No. 7:01-CV-0252-R (N.D.Tex. 2001) (*Aldridge I*).  Among other things, Aldridge claimed

that between 1986 and 1988, the defendants had negligently prescribed an excessive dosage of

Halcion, a sleeping drug, to him. While that case was pending, Aldridge filed four other lawsuits

in this court against the Secretary of the Air Force on related claims.[1]  Those lawsuits were

ultimately consolidated for convenience into *Aldridge I*.

---

[1] Those cases were Civil Action Nos. 7:04-CV-0001, 7:04-CV-0098, 7:05-CV-065 and
7:05-CV-265.

*Aldridge I* proceeded for three years until Aldridge acknowledged by letter to the Court that he could not prove his claims and, therefore, requested voluntary dismissal of his lawsuit. (Dkt. No. 136, Civil Action No. 7:01-cv-252-R).  In that letter, he stated that he was "unable to establish from expert testimony any breach of standards, harm from a continued long term regimen of Halcion in 0.5 mg doses, or a clear causal connection between Halcion and harm which are factors which [he] must prove at trial..." *Id.*   Consequently, he asked the Court for permission to "withdraw" his complaint.  *Id.*  The Court granted Aldridge's request for dismissal and entered a final judgment on November 23, 2004, thereby dismissing the case with prejudice.  (Dkt. No. 139, Civil Action No. 7:01-cv-252-R).

Aldridge has now filed this lawsuit, in which he asserts essentially the same claims that he rose in *Aldridge I*.  Here, Aldridge complains that an Air Force surgeon, Lieutenant Colonel Long K. Su, M.D., was negligent in maintaining a belief that Aldridge had pancreatic cancer in 1983 despite alleged diagnostic tests which failed to indicate cancer.  Aldridge asserts that the subsequent exploration for a tumor in the pancreas during the surgery was "unnecessary and improperly performed."  (Pl.'s Mot, Appx. D, p. 22).  Aldridge claims that he was unaware that the possibility of cancer had been ruled out until he obtained his full medical records in 2003.  (*Id*. at p. 23).

## II. ANALYSIS

Defendant has now moved to dismiss this lawsuit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Defendant claims that Aldridge cannot state a claim for which relief may be granted because this lawsuit is barred by *res judicata*.

### A.  Rule 12(b)(6) Standard[2]

---

[2] Although the Government moves to dismiss pursuant to 12(b)(1), the Court construes this motion pursuant to 12(b)(6), a more appropriate vehicle for a res judicata claim.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted.  *See Thompson v. Goetzmann*, 337 F.3d 489, 495 (5th Cir. 2003); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle it to relief.  *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994).  The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims.  *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997).  "While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *see also, Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).

In ruling on a Rule 12(b)(6), "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).  The court may, however, "take judicial notice of documents in the public record, including documents filed with the Securities

and Exchange Commission..., and may consider such documents in determining a motion to

dismiss." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing

*Lovelace*, 78 F.3d at 1017-18).  The only limitation is that the documents "should be considered

only for the purpose of determining what statements [they] contain, not to prove the truth of

[their] contents." *Lovelace*, 78 F.3d at 1018 (citation omitted).

### B.  Res Judicata

As an initial matter, the Court may take judicial notice of matters that occurred in

*Aldridge I* without converting the 12(b)(6) motion into a motion for summary judgment.  *See*

*Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 578 (N.D.Tex. 2005) (citing, *inter alia*,

*Lovelace*, 78 F3d at 1017-1018).[3]  After reviewing Aldridge's complaint and other documents

in the public record – including the complaints filed in Aldridge's prior cases – the Court finds

that this lawsuit is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* (also known as "claim preclusion.") bars the litigation of

claims that either have been litigated or should have been raised in an earlier lawsuit.  *In re*

*Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999).  The doctrine operates to "foreclose[] the

relitigation of claims that were or could have been raised in a prior action."  *Davis v. Dallas*

*Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citation omitted).  In this regard, the

doctrine "prevents litigation of all grounds for, or defenses to, recovery that were previously

available to the parties, regardless of whether they were asserted or determined in the prior

---

[3] Normally, when "matters outside the pleadings" are submitted in support or in opposition to a
Rule 12(b)(6) motion to dismiss, Rule 12(b) grants the courts discretion to accept and consider
those materials but does not require them to do so. FED. R. CIV. PROC. 12(b).  That is of no
concern here because the information that Defendant submitted with his motion was also
contained in the public record and could be judicially noticed by the Court.

proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

To show that a claim is barred by res judicata, one must show the following: (1) the parties in both the prior suit and current suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was a final judgment on the merits; and (4) plaintiff raised the same claim or cause of action in both suits. *Davis*, 383 F.3d at 313. With respect to the last element, the Fifth Circuit has adopted a "transactional" test for determining whether a whether two suits involve "the same claim or cause of action." *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id.* at 395-96 (quoting Restatement (Second) of Judgments § 24(1) (1982)). The critical determination is "whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* at 396 (quoting *In re Southmark Corp.*, 163 F.3d at 934).

After comparing Aldridge's complaint to the complaint that was filed in *Aldridge I*, the Court finds that Aldridge's complaint is barred by res judicata.

First, the parties in this action are identical to the parties in *Aldridge I*. Although Plaintiff originally named the Secretary of the Air Force in *Aldridge I* as a defendant, the United States was later substituted as a defendant since Aldridge's principal claim arose under the Federal Tort Claim Act (FTCA), which does not permit federal officials from being sued in their individual capacity for negligence and other torts. By filing this lawsuit, Aldridge has filed a new FTCA claim against the federal government under the guise of an independent action for negligence against an Air Force surgeon.

MEMORANDUM OPINION – PAGE 5

Second, it is undeniable that a court of competent jurisdiction – this Court – rendered the

prior judgment in *Aldridge I*.

Third, the Court dismissed *Aldridge I* with prejudice, which constitutes a final judgment

on the merits.  (See Dkt. No. 139, Civ. No. 7:01-cv-252-R).  An order of dismissal with

prejudice constitutes a final judgment "on the merits" for *res judicata* purposes. *Cooter & Gell*

*v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

Lastly, this case does involve "the same nucleus of operative fact" as *Aldridge I* since it

pertains to Plaintiff's alleged injuries from Halcion that was centrally at issue in that case.

Moreover, the Court cannot discern any justifiable reason for Aldridge to have delayed filing

suit against the Air Force surgeon apart from the original defendants sued in *Aldridge I*.  In his

first lawsuit, Aldridge complained of allegedly "careless, negligent, and unprofessional medical

practices" by the Air Force "beginning on or about November 11, 1983." (Pl.'s Mot. Appx. A,

p. 1).  He attached to his *Aldridge I* complaint both the SF-95 administrative claim submitted to

the Air Force, as well as his cover letter.  (*Id.* at p. 8-12).  In his cover letter, Aldridge stated

that Dr. Su performed various tests to determine whether he had pancreatic cancer.  (*Id.* at p. 9).

He also stated in his response to the Government's Motion for Summary Judgment similar

claims of unconsented tests for cancer.  (Pl.'s Mot. Appx. E, p. 32).

In applying the doctrine of res judicata, the Fifth Circuit has noted that "[t]he rule is that

res judicata bars all claims that were or could have been advanced in support of the cause of

action on the occasion of its former adjudication not merely those that were adjudicated."

*Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).  Here, the same operative facts are

involved in *Aldridge I* and the instant complaint, namely whether the Air Force was negligent in

its care of Aldridge during the 1980's.

Accordingly, the court dismisses this action without prejudice for a lack of subject

matter jurisdiction.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is hereby **GRANTED**.


**It is so ORDERED.**
**Signed: August 16, 2006.**


_____
**HON. JERRY BUCHMEYER**
**SENIOR UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**